UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11472DPW

```
*****************************************
JAMI LANSER and STEVEN HIGGINS,           *
PPA C. HIGGINS,                           *
        PLAINTIFFS                        *
                                          *
VS.                                       *
                                          *
H.N. HINCKLEY & SONS, INC., DBA           *
HINCKLEY LUMBER and SHAWN M.              *
WILLOUGHBY,                               *
        DEFENDANTS                        *
*****************************************
```

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND JURY TRIAL**

Now comes the defendants in the above-referenced case and answers the corresponding paragraphs of the plaintiffs' complaint as follows:

1. The defendants admit number 1 insofar as it is simply stating the plaintiffs' claims and beyond same denies.

2. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 2 of the plaintiffs' complaint and therefore calls upon the plainti to prove same.

3. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 3 of the plaintiffs' complaint and therefore calls upon the plainti to prove same.

4. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 4 of the plaintiffs' complaint and therefore calls upon the plainti to prove same.

5. Admit.

6. Admit.

7. Deny.

8. Deny.

9. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 9 of the plaintiffs' complaint and therefore calls upon the plaintiff to prove same.

10. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 10 of the plaintiffs' complaint and therefore calls upon the plaintif to prove same.

11. The defendants are without sufficient information to either admit or deny the allegatio[ns] contained in paragraph 11 of the plaintiffs' complaint and therefore calls upon the pla[inti]ffs to prove same.

12. The defendants are without sufficient information to either admit or deny the allegatio[ns] contained in paragraph 12 of the plaintiffs' complaint and therefore calls upon the pla[inti]ffs to prove same.

13. Admit.

14. Deny insofar as number 14 states that the defendant cut across the bike path without making any effort to determine it was safe to do so. Admitted in all other respects.

15. Denied line number one of paragraph 15 with the exception of there being an opening [in t]he traffic. Defendants admit there was an opening in the traffic. The defendants are witho[ut] sufficient information to either admit or deny the rest of the allegations contained in paragraph 15.

16. The defendants are without sufficient information to either admit or deny the allegation[s] contained in paragraph 16 of the plaintiffs' complaint and therefore calls upon the plai[ntiff]s to prove same.

17. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 17 of the plaintiffs' complaint and therefore calls upon the plain[tiff]s to prove same.

18. Deny.

19 Admit.

20. The defendants are without sufficient information to either admit or deny as to first sent. Defendants admit to the remainder of this paragraph.

21. Admit.

22. Deny.

23. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 23 of the plaintiffs' complaint and therefore calls upon the plainti[ffs] to prove same.

24. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 24 of the plaintiffs' complaint and therefore calls upon the plainti[ffs] to prove same.

25. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 25 of the plaintiffs' complaint and therefore calls upon the plaintif[fs] to prove same.

26. Deny.

27. Deny.

28. The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 28 of the plaintiffs' complaint and therefore calls upon the pla[inti]ffs to prove same.

29. The defendants are without sufficient information to either admit or deny the allegatio[ns] contained in paragraph 29 of the plaintiffs' complaint and therefore calls upon the pla[inti]ffs to prove same.

### Count I

30. The defendants repeat, reassert, and incorporate by reference the answers to the paragr[aph]s above as if stated here in full.

31. Deny.

32. Deny.

### Count II

33. The defendants repeat, reassert, and incorporate by reference the answers to the paragra[phs] above as if stated here in full.

34. Deny.

35. Deny.

### Count III

36. The defendants repeat, reassert, and incorporate by reference the answers to the paragra[phs] above as if stated here in full.

37. Deny.

38. Deny.

### Count IV

39. The defendants repeat, reassert, and incorporate by reference the answers to the paragrap[hs] above as if stated here in full.

40. Deny.

41. Deny

### Count V

42. The defendants repeat, reassert, and incorporate by reference the answers to the paragraph[s] above as if stated here in full.

43. Deny.

44. Deny.

### AFFIRMATIVE DEFENSES

1. And further answering, the defendants say that if the plaintiffs prove that the defendants

were negligent as alleged, the plaintiffs, their employees, agents, and servants, was negligent to a greater degree than the defendants and is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

2. The negligence of the Plaintiffs contributed to the injuries, loss and damage claimed and therefore, any recovery by the Plaintiffs must be diminished in accordance with M.G.L. 231, §85.

3. The defendants say that the acts complained of were not committed by a person for whose conduct the defendants were legally responsible.

4. And further answering, the defendants say that they are exempt from liability to the plaintiffs to the extent provided by Massachusetts General Laws Chapter 90, Section 31 and 34 O as amended and General Laws Chapter 231, Section 6 D as amended.

5. And further answering, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

6. And further answering, the defendants say that the court does not have personal jurisdiction over the defendants, wherefore the defendants request that this action be dismissed pursuant to Rule 12 (b)(2).

7. And further answering, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue.

8. And further answering, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

9. And further answering, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

10. And further answering, the defendants say that the cause of action is barred by reason of the Statute of Limitations.

WHEREFORE, Defendants respectfully pray that the Plaintiffs' complaint be denied and dismissed, that the Plaintiffs take nothing, and that the Defendants be awarded their costs of this action including a reasonable attorneys' fee.

**DEFENDANTS DEMAND TRIAL BY JURY ON ALL CLAIMS AND DEFENSES.**

Respectfully submitted,
The defendants
By their attorneys,

BELLOTTI & BARRETTO, P.C.

*Kimberly Goodman Cooperstein*
Kimberly Goodman Cooperstein, Esq., BBO# 567151
Davenport Building
25 Thorndike Street
Cambridge, MA 02141
(617)225-2100

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11472DPW

```
************************************
JAMI LANSER and STEVEN HIGGINS,      *
PPA C. HIGGINS,                      *
       PLAINTIFFS                    *
                                     *
VS.                                  *
                                     *
H.N. HINCKLEY & SONS, INC., DBA      *
HINCKLEY LUMBER and SHAWN M.         *
WILLOUGHBY,                          *
       DEFENDANTS                    *
************************************
```

### CERTIFICATE OF SERVICE

I, Kimberly Goodman Cooperstein, attorney for the defendants, do say I caused a copy **Answer of Defendants to Plaintiffs' Complaint with Affirmative Defenses and Deman‹ for Jury Trial,** to be mailed, postage prepaid, directed to: John R. Chayrigues, Esq., Pingitore Associates, LLC, Three Center Plaza, Suite 210, Boston, MA 02108.

Signed under the pains and penalties of perjury this 14th day of September, 2005.

*Kimberly Goodman Cooperstein*
Kimberly Goodman Cooperstein, Esq., BBO# 567151
BELLOTTI & BARRETTO, P.C.
Davenport Building
25 Thorndike Street
Cambridge, MA 02141
(617)225-2100