UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

|  |  |
|---|---|
| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS,  Plaintiffs,  v.  H.N. HINCKLEY & SONS, INC., d/b/a HINCKLEY LUMBER And SHAWN M. WILLOUGHBY, JR.  Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**JOINT PETITION FOR APPROVAL OF MINOR SETTLMENT**

Pursuant to the provisions of M.G.L. c. 231, § 140 ½ , the Parties jointly move that the Court enter an Order (in the form attached hereto as Exhibit A), approving the structured settlement in the amount of $165,000.00 reached on behalf of C. H.[1], a minor child, and Jami Lanser and Steven Higgins individually, in connection with the claims asserted against the Defendants.

The general terms of the structured settlement, and the payments to the minor provided therewith, are set forth in Exhibit A[2], and the Release to be executed by Jami

---

[1] Pursuant to LR, D. Mass. 5.3 (A)(2) regarding the identification of the names of minor children, the minor child in this matter shall be identified by the initials "C.H."

[2] In the proposed Order, reference is made to Section 104 (a)(2) and Section 130 of the Internal Revenue Code. For the Court's reference, each of these provisions addresses the fact that the settlement payments for the benefit of the minor are not considered gross income for tax purposes. See 26 U.S.C. 104(a)(2)("[F]or any prior taxable year, gross income does not include - (2) the amount of any damages . . . received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness.") and 26 U.S.C. 130(c)("the term 'qualified assignment' means any assignment of a liability to make periodic payments as damages (whether by suit or agreement). . .on account of personal injury or sickness (in a case involving injury or physical sickness.").

Lanser and Steven Higgins, as parents and next best friend of C.H., attached hereto as Exhibit B.

In further support of this Petition, the Parties rely on the following affidavits, filed herewith:

1. Affidavit of Jami Lanser; and
2. Affidavit of Steven Higgins.

The Parties stipulate and agree that upon the Court's entry of the Order approving the Petition, Jami Lanser and Steven Higgins shall execute the Release attached hereto as Exhibit B and forward it to counsel for the Defendants to be held in escrow. Upon the Defendants' insurer's compliance with its obligations as set forth in Exhibit A, the Plaintiffs shall file a Stipulation of Dismissal, with prejudice, of all claims alleged in the First Amended Complaint and Jury Demand, at which time the Release shall no longer be held in escrow.

WHEREFORE, the Parties jointly request that the Court approve the proposed minor settlement and enter the Order attached hereto as Exhibit A.

| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS By Their Attorneys, | H.N. HINCKLEY & SONS, INC. And SHAWN M. WILLOUGHBY, JR By Their Attorneys, |
|---|---|
| /s/ Peter J. Pingitore BBO# 547333 John R. Chayrigues BBO#637505 Pingitore & Associates, LLC Three Center Plaza, Suite 210 Boston, Massachusetts 02108 (617) 367-0990 | /s/ Kimberly N. Cooperstein Peter V. Bellotti BBO #544713 Kimberly D. Cooperstein BBO#567151 Lucas W. Talarico BBO#655144 Bellotti & Barretto, P.C. Davenport Building 25 Thorndike Street Cambridge, Massachusetts 02141 (617) 225-2100 |

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 5/24/06
/s/

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

| | |
|---|---|
| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS<br><br>　　　Plaintiffs,<br><br>v.<br><br>H.N. HINCKLEY & SONS, INC.,<br>d/b/a HINCKLEY LUMBER<br>And SHAWN M. WILLOUGHBY, JR.<br><br>　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter came before the Court pursuant to the parties' joint Petition For Approval of Minor Settlement ("Petition") of the claims asserted by the Plaintiffs in the above-referenced matter. Based upon the Court's review of the Petition and all related papers, it is hereby ordered as follows:

ORDERED that Jami Lanser and Steven Higgins, as parents, co-conservators and next friends, for Colin Higgins, a minor, in the above-referenced matter, be and hereby are authorized to enter into a compromise of the minor's claims upon the following terms:

That the Defendants' insurer, Arbella Mutual Insurance Company, Inc. ("Insurer") on behalf of the Defendants, pay the following amounts:

1. Forty Four Thousand Five Hundred and 00/100 Dollars ($44,500.00) in up front cash payable to the law firm of Pingitore & Associates, LLC, counsel for the Plaintiffs, representing fees and expenses due, payable promptly, and in no event later than thirty (30) days from the date of this Order.

2. Future periodic payments to Colin Higgins in the following amounts and on the following dates:

    Commencing on 5/19/2012: Twenty Thousand Dollars ($20,000) per year for five (5) consecutive years only;

    On 05/19/2019: Fifteen Thousand Dollars ($15,000);

    On 05/19/2024: Twenty Thousand Dollars ($20,000);

    On 05/19/2029: Twenty Five Thousand Dollars ($25,000);

    On 05/19/2034: One Hundred Thirty Three Thousand Dollars ($133,000).

All sums set forth herein constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The parties agree that promptly, and in no event later than thirty (30) days from the date of this Order, Insurer shall make a qualified assignment under Section 130 of the Internal Revenue Code to New York Life Insurance and Annuity Corporation ("Assignee") of these future periodic payment obligations. Assignee shall fund its obligation for such periodic payments by the purchase of an annuity contract from New York Life Insurance Company, and, in accordance with the terms of said assignment, Assignee shall be substituted as obligor of such payments for Insurer, who shall be released from any further obligation to make said future periodic payments.

  ORDERED that upon the completion of the qualified assignment as described herein, the Defendants and Insurer shall be discharged from any claim that said minor and/or Conservator had or might have against them, pursuant to the terms of the Release executed in connection with the settlement, and attached to the Petition.

  ORDERED that upon: 1) receipt by Plaintiffs' counsel of the payment as described in paragraph (1) herein; and 2) the completion of the qualified assignment by Insurer to Assignee as described herein, Plaintiffs shall file a Stipulation of Dismissal, with prejudice, of all claims alleged in the First Amended Complaint and Jury Demand. Colin Higgins, or his parents, shall be responsible for maintaining a current mailing address with New York Life Insurance Company.

  Entered as an Order of the Court this ___ day of May, 2006.


                _____
                Douglas P. Woodlock,
                United States District Court Judge

# EXHIBIT B

## RELEASE

In consideration of One Hundred and Sixty-Five Thousand Dollars ($165,000.00) payable by Arbella Mutual Insurance Company as follows: 1) One Hundred and Twenty Thousand Five Hundred ($120,500.00) payable to New York Life Insurance Company for the purchase of an annuity policy for the benefit of the minor, Colin Higgins; and 2) Forty Four Thousand Five Hundred ($44,500.00) payable to Pingitore & Associates, LLC as payment of fees and expenses incurred; the receipt whereof is hereby acknowledged, we, Jami Lanser and Steven Higgins, both as parents and next of friends of Colin Higgins, a minor, and individually (hereinafter collectively referred to as "RELEASORS"), hereby remise, release and forever discharge H.N. Hinckley & Sons, Inc., dba Hinckley Lumber and Shawn M. Willoughby, Jr. and all of their agents, servants, employees, heirs, executors, administrators, estates, successors, assigns, legal representatives, owners, principals, shareholders, directors and other representatives; and their insurer(s), specifically Arbella Mutual Insurance Company (hereinafter collectively referred to as "RELEASEES") of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which against, H.N. Hinckley & Sons, Inc., dba Hinckley Lumber and Shawn M. Willoughby, Jr., and all of their agents, servants, employees, heirs, executors, administrators, estates, successors, assigns, legal representatives, and other representatives; and Arbella Mutual Insurance Company, their attorneys, agents, servants, employees, predecessor, successors, heirs, assigns and insurers, Colin Higgins now has or ever had from the beginning of the world to this date, arising out of a motor vehicle/pedestrian accident occurring on July 15, 2002. We further agree to indemnify, defend and hold harmless the RELEASEES for any and all claims Colin Higgins may have at anytime, including but not limited to the date of his reaching age of majority and thereafter arising out of the incident of July 15, 2002.

The RELEASORS hereby acknowledge and assume all risk, chance, or hazard that the injuries or damage may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected, or may result in death. No promise or inducement which is not herein expressed has been made to the RELEASORS and in executing this RELEASE, the RELEASORS do not rely upon any statement or representation made by any person, firm or corporation, hereby released, or any agents, physician doctor, insurer or any other person representing the RELEASEES concerning the nature, extent or duration of said damages or losses or the legal liability therefor.

It is understood and agreed that payment of the above sum is only for the purpose of compromise of a disputed claim and is not, in any way, to be construed as an admission of liability on the part of the RELEASEES.

This RELEASE may be executed in any number of counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Similarly, a facsimile or photocopy of this executed RELEASE shall have the same force and effect as the original.

2

IN WITNESS WHEREOF, we have hereunto set our hands and seal this _____ day of May, 2006.

_____
Jami Lanser, as Mother and next friend
of Colin Higgins, a minor, and individually

_____
Witness


_____
Steven Higgins, as Father and next friend
of Colin Higgins, a minor, and individually



_____
Witness

2