UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

JAMI LANSER and STEVEN )
HIGGINS, PPA C. HIGGINS )
)
    Plaintiffs, )
)
v. )
)
H.N. HINCKLEY & SONS, INC., )
d/b/a HINCKLEY LUMBER )
And SHAWN M. WILLOUGHBY, JR. )
)
    Defendants, )

**AFFIDAVIT OF JAMI LANSER**

I, Jami Lanser, state under oath the following:

1. I am the mother of C.H.[1], a minor, whose date of birth is May 19, 1994. My residential address is 5632 North 13th Drive, Phoenix, Arizona.

2. My son has lived under my care and protection his entire life. C.H.'s father, Steven Higgins, and I were divorced in June 1998. I have sole physical custody of C.H. Steven Higgins has visitation rights with C.H.

3. On or about July 15, 2002 on Martha's Vineyard, the Defendant, Shawn M. Willoughby, Jr., while operating a vehicle owned by the Defendant H.N. Hinckley & Sons, Inc., struck C.H. as he rode his bicycle. As a result of the accident, C.H. suffered personal injuries, including a lacerated liver and a non-displaced fracture of the pelvis. C.H. was hospitalized for five days as a

---

[1] Pursuant to District of Massachusetts Local Rule 5.3 (A)(2) regarding the identification of the names of minor children, the minor child in this matter shall be identified by the initials "C.H."

result of his injuries. However, C.H. has fully recovered from the physical injuries he sustained in the accident.

4. I have agreed to a settlement of C.H.'s claims against the Defendants. I understand that the terms of the proposed settlement of this matter are that the Defendants will pay $165,000.00 to resolve C.H.'s claims. (See copy of Memorandum of Understanding, Exhibit A, and Release of Claims, Exhibit B). I further understand that pursuant to a written contingency fee agreement signed by me and Steven Higgins, my attorney is entitled to twenty five (25%) percent of all monies collected on C.H.'s behalf; and that I am obligated to pay all costs in connection with my attorney's representation in this matter, which total approximately $3,250.00. (See Pingitore & Associates Expense Breakdown, Exhibit C). My understanding is that no medical liens have been asserted by any of C.H.'s healthcare providers in connection with this action.

5. The net amount of the settlement proceeds, approximately $120,500.00, will be used to purchase an annuity policy for C.H.'s benefit from New York Life Insurance Company, or an insurance company with a similarly high financial rating, in order to establish a structured payout to C.H. I have had the opportunity to discuss various structured settlement proposals with Rindler & Associates, an annuity brokerage firm located in Phoenix, Arizona. After reviewing several proposals I believe that the quoted structure set forth below is the best option for C.H. I understand that the actual amounts of the payouts may vary slightly because of changing rates depending on the date the annuity policy is purchased.

6. The annuity policy will provide payments to C.H. as follows: commencing on C.H.'s eighteenth (18th) birthday, May 19, 2012, C.H. will receive five (5) annual payments in the amount of $20,000.00. C.H. will also receive the following additional payments: on his twenty-fifth (25th) birthday in the amount of $15,000.00; on his thirtieth (30th) birthday in the amount of $20,000.00; on his thirty fifth (35th) birthday in the amount of $25,000.00; and on his fortieth (40th) birthday in the amount of $133,000.00. The total structured payments to C.H. will equal $293,000.00.

7. I am satisfied that the proposed settlement is in my son's best interest.

8. It has been explained to me that I have the right, on behalf of my son, to have the issues of liability and damages determined either by a judge or by a jury of my peers. I understand that by settling I have waived those rights. I further understand that I have asserted claims individually based on loss of consortium resulting from the injuries C.H. sustained. In connection with the settlement of this matter, I have waived those claims and agree that the entire net proceeds will go solely for the benefit of C.H.

9. I have discussed this matter with my son, and he approves of the proposed settlement. I have had ample opportunity to discuss this matter with my attorney, my family and friends.

10. I respectfully ask the court to approve the proposed settlement.

Subscribed and sworn to under the pains and penalties of perjury, this ____ day of May, 2006.



Jami Lanser

STATE OF ARIZONA

COUNTY OF MARICOPA, ss

On this 23rd day of May, 2006, before me, the undersigned notary public, personally appeared Jami Lanser, proved to me through satisfactory evidence of identification, which were AZDL (AZ Driver License) to be the person whose name is signed on the preceding or attached document, and being first duly sworn, did say that she executed said document on her own behalf and has acknowledged said instrument to be her free act and deed.

OFFICIAL SEAL
CAROLINA DE LOS HEROS
NOTARY PUBLIC—ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 8, 2009

SEAL

Notary Public

My Commission Expires Sept 8-2009