UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

| | |
|---|---|
| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS<br><br>Plaintiffs,<br><br>v.<br><br>H.N. HINCKLEY & SONS, INC., d/b/a HINCKLEY LUMBER And SHAWN M. WILLOUGHBY, JR.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter came before the Court pursuant to the parties' joint Petition For Approval of Minor Settlement ("Petition") of the claims asserted by the Plaintiffs in the above-referenced matter. Based upon the Court's review of the Petition and all related papers and following a telephonic conference with counsel this day, it is hereby ordered as follows:

ORDERED that Jami Lanser and Steven Higgins, as parents, co-conservators and next friends, for Colin Higgins, a minor, in the above-referenced matter, be and hereby are authorized to enter into a compromise of the minor's claims upon the following terms:

That the Defendants' insurer, Arbella Mutual Insurance Company, Inc. ("Insurer") on behalf of the Defendants, pay the following amounts:

    1. Forty Four Thousand Five Hundred and 00/100 Dollars ($44,500.00) in up front cash payable to the law firm of Pingitore & Associates, LLC, counsel for the Plaintiffs, representing fees and expenses due, payable promptly, and in no event later than thirty (30) days from the date of this Order.

    Future periodic payments to Colin Higgins in the following amounts and on the following dates:

    Commencing on 5/19/2012: Twenty Thousand Dollars ($20,000) per year for five (5) consecutive years only;

On 05/19/2019: Fifteen Thousand Dollars ($15,000);

On 05/19/2024: Twenty Thousand Dollars ($20,000);

On 05/19/2029: Twenty Five Thousand Dollars ($25,000);

On 05/19/2034: One Hundred Thirty Three Thousand Dollars ($133,000).

All sums set forth herein constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The parties agree that promptly, and in no event later than thirty (30) days from the date of this Order, Insurer shall make a qualified assignment under Section 130 of the Internal Revenue Code to New York Life Insurance and Annuity Corporation ("Assignee") of these future periodic payment obligations. Assignee shall fund its obligation for such periodic payments by the purchase of an annuity contract from New York Life Insurance Company, and, in accordance with the terms of said assignment, Assignee shall be substituted as obligor of such payments for Insurer, who shall be released from any further obligation to make said future periodic payments.

ORDERED that upon the completion of the qualified assignment as described herein, the Defendants and Insurer shall be discharged from any claim that said minor and/or Conservator had or might have against them, pursuant to the terms of the Release executed in connection with the settlement, and attached to the Petition.

ORDERED that upon: 1) receipt by Plaintiffs' counsel of the payment as described in paragraph (1) herein; and 2) the completion of the qualified assignment by Insurer to Assignee as described herein, Plaintiffs shall file a Stipulation of Dismissal, with prejudice, of all claims alleged in the First Amended Complaint and Jury Demand. Colin Higgins, or his parents, shall be responsible for maintaining a current mailing address with New York Life Insurance Company.

Entered as an Order of the Court this 14th day of June, 2006.

/s/ Douglas P. Woodlock
Douglas P. Woodlock,
United States District Judge