UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

| | |
|---|---|
| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS<br><br>Plaintiffs,<br><br>v.<br><br>H.N. HINCKLEY & SONS, INC., d/b/a HINCKLEY LUMBER And SHAWN M. WILLOUGHBY, JR.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION OF ALL PARTIES TO AFFIRM THE COURT'S JUNE 14, 2006 ORDER APPROVING SETTLEMENT ON BEHALF OF A MINOR

NOW COME the Parties in the above captioned matter, who jointly move that the Court affirm the Order entered on June 14, 2006 approving the settlement reached on behalf of the minor child, C.H.[1] (the "Order"). In support thereof, the Parties state that in connection with finalizing the settlement of the Plaintiffs' claims, the Parties have executed additional settlement documents, attached hereto as Exhibits A and B, that were not previously submitted to the Court for review. The attached documents address specific questions raised by the Court in connection with the entry of the Order approving the settlement and are part of the form documentation required by New York Life Insurance and Annuity Company in order to implement the structured payments to C.H. In further support of this motion, the Parties state as follows:

---

[1] Pursuant to LR, D. Mass. 5.3 (A)(2) regarding the identification of the names of minor children, the minor child in this matter shall be identified by the initials "C.H."

1.      At the telephonic conference held with counsel on June 14, 2006, the Court inquired of counsel regarding certain terms of the structured settlement to be implemented for C.H.'s benefit. Specifically, the Court inquired as to who becomes the payee of the settlement proceeds in the event C.H. does not survive to the final payment of the structured payout. As set forth in paragraph 4.0 the Settlement Agreement and Release executed by the parties (attached hereto as Exhibit A), in the event that C.H. does not survive until the completion of the scheduled payments, any remaining payments due shall go to C.H.'s estate, unless upon reaching the age of majority C.H. designates in writing a beneficiary to receive the payments.

2.      The remaining terms of Exhibit A are consistent with: 1) the representations concerning the amount and timing of the settlement payments to C.H. contained in the Affidavits of Jami Lanser and Steven Higgins previously submitted to the Court in support of the Parties' Joint Petition To Approve Minor Settlement; and 2) the terms of the Court's June 14, 2006 Order.

3.      In addition to the Settlement Agreement and Release, the parties executed a Uniform Qualified Assignment and Release (the "Assignment") (attached hereto as Exhibit B) which further memorializes the Parties' agreement regarding the assignment of the Defendants' insurer's obligation to make payments to C.H. under the terms of the settlement to New York Life Insurance & Annuity Corporation. The provisions set forth in the Assignment are also consistent with the terms of the Court's June 14, 2006 Order.

WHEREFORE, the Parties jointly move that the Court affirm its June 14, 2006 Order approving the terms of the settlement reached on behalf of the minor plaintiff, C.H. A proposed Order granting this Joint Motion is attached hereto as Exhibit C.

JAMI LANSER and STEVEN
HIGGINS, PPA C. HIGGINS
By Their Attorneys,


Peter J. Pingitore BBO# 547333
John R. Chayrigues BBO#637505
Pingitore & Associates, LLC
Three Center Plaza, Suite 210
Boston, Massachusetts 02108
(617) 367-0990

H.N. HINCKLEY & SONS, INC.
And SHAWN M. WILLOUGHBY, JR
By Their Attorneys,


Peter V. Bellotti BBO #544713
Kimberly D. Cooperstein BBO#567151
Lucas W. Talarico BBO#655144
Bellotti & Barretto, P.C.
Davenport Building
25 Thorndike Street
Cambridge, Massachusetts 02141
(617) 225-2100


**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of
the above document was served upon the
attorney of record for each party by mail/by hand.

Date: 6/26/06

3

EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") is made and entered into this ____19th____ day of ____June_____, 2006, by and among:

"Plaintiff"     Colin Higgins, a minor, by and through his Parents and Next Friends, Jami Lanser and Steven Higgins

"Defendants"  H.N. Hinckley & Sons, Inc. and its employee Shawn M. Willoughby, Jr.

"Insurer"      Arbella Mutual Insurance Company

## RECITALS

A.     Plaintiff filed a complaint against Defendants in Federal Court, Eastern District of Massachusetts, Court Action No. 05-11472-DPW, (the "Complaint"), which Complaint arose out of certain alleged negligent acts or omissions by Defendants. In the Complaint, Plaintiff sought to recover monetary damages as a result of that certain occurrence on or about July 15, 2002, in or near Oak Bluffs, Massachusetts, which resulted in physical injuries and personal injuries to Plaintiff.

B.     Insurer is the liability insurer of the Defendants, and as such, would be obligated to pay any claim made or judgment obtained against Defendants which is covered by its policy with Defendants.

C.     The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are, or might have been, the subject matter of the Complaint, upon the terms and conditions set forth below.

## AGREEMENT

The parties agree as follows:

### 1.0   Release and Discharge

In connection with the payment set forth in Section 2, the Plaintiff shall execute and deliver the Releases attached hereto as Exhibits A and B ("Releases").

### 2.0   Payments

In consideration of the Releases attached hereto as Exhibits A and B, the Insurer on behalf of the Defendants agrees to pay to the individual(s) named below (the "Payee(s)") the sums outlined in this Section 2 below:

2.1   Payments due at the time of settlement as follows:

$44,500.00 (Forty Four Thousand Five Hundred and 00/100 Dollars) in upfront cash payable to Pingitore & Associates, LLC, attorneys for Colin Higgins, a minor.

2.2   Periodic payments made according to the schedule as follows (the "Periodic Payments"):

Payable to Colin Higgins

Commencing on 05/19/2012: $20,000 per year for 5 years only

On 05/19/2019: $  15,000

On 05/19/2024: $  20,000

On 05/19/2029: $  25,000

On 05/19/2034: $133,000

All sums set forth herein constitute damages on account of physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

### 2.3   Attorney's Fees

Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the Complaint, this Settlement Agreement and the matters and documents referred to herein, the filing of a Dismissal of the Complaint, and all related matters.

### 3.0    Payee's Rights to Payments

Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

### 4.0    Payee's Beneficiary

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing, upon reaching the age of majority by Plaintiff to the Insurer or the Insurer's Assignee. If no person or entity is so designated by Plaintiff, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee. The designation must be in a form acceptable to the Insurer or the Insurer's Assignee before such payments are made.

### 5.0    Consent to Qualified Assignment

5.1    Plaintiff acknowledges and agrees that the Defendants and/or the Insurer will make a "qualified assignment", within the meaning of Section 130 (c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or the Insurer's liability to make the Periodic Payments set forth in Section 2.2 to New York Life Insurance & Annuity Corporation ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendants and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

5.2    Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendants and the Insurer from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments

obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants and the Insurer shall thereupon become final, irrevocable and absolute.

### 6.0    Right to Purchase an Annuity

The Defendants and/or the Insurer, itself or through its Assignee reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from New York Life Insurance Company ("annuity issuer"). The Defendants, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Defendants, the Insurer or the Assignee may have annuity issuer mail payments directly to the Payee(s). The Plaintiff shall be responsible for maintaining a current mailing address for Payee(s) with annuity issuer.

### 7.0    Discharge of Obligation

The discharge of the obligation of the Defendants, Insurer and/or Assignee to make each Periodic Payment described in Section 2 of this Agreement, if by check, shall occur upon the mailing of a valid check, on or before the due date, in the amount due to the Payee's address as shown in the Assignee's records, or, if by Electronic Funds Transfer (EFT), upon the electronic transferring of such payment, on or before the due date, to the Payee's bank account as shown in the Assignee's records.

### 8.0    Execution of Settlement Agreement

This Settlement Agreement may be executed in any number of counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Similarly, a facsimile or photocopy of this executed Settlement Agreement shall have the same force and effect as the original.

### 9.0    Effectiveness

This Settlement Agreement shall become effective immediately following execution by each of the parties.

PLAINTIFF: _6/19/06_
                  Date

By: Colin Higgins, a minor, by and through his
Parent and Next Friend, Jami Lanser

STATE OF _California_
                          ) ss.
County of _San Diego_)


SUBSCRIBED AND SWORN TO before me this _19th_ day of _June_

2006, for the purpose therein contained by Colin Higgins, a minor, by and through his Parent and

Next Friend, Jami Lanser, Plaintiff.

By: _____
Notary Public

My Commission Expires:

_1/10/09_



CORNELIA A. ELLISOR
Commission # 1543211
Notary Public - California
San Diego County
My Comm. Expires Jan 10, 2009

5

**PLAINTIFF:**        06/19/2006                    By: Colin Higgins, a minor, by and through his
                    Date                           Parent and Next Friend, Steven Higgins

STATE OF *ARIZONA*    )

                      ) ss.

County of *Maricopa*  )


SUBSCRIBED AND SWORN TO before me this *19th* day of *June, 2006*,

2006, for the purpose therein contained by Colin Higgins, a minor, by and through his Parent and

Next Friend, Steven Higgins, Plaintiff.

                                        By: *Elizabeth Rogers*
                                        Notary Public

**My Commission Expires:**

03/24/2007



ELIZABETH ROGERS
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 24, 2007

**Approved As To Form And Content
By Plaintiffs' Attorney:**

Peter J. Pingitore, Esq.
PINGITORE & ASSOCIATES, LLC

Date: 6-22-06

**INSURER:** 6/20/06    Adjuster

Date        By:               Title

Arbella Mutual Insurance Company

## COMMONWEALTH OF MASSACHUSETTS

County of  Barnstable


SUBSCRIBED AND SWORN TO before me this __20th__ day of __June__ ,
2006, for the purpose therein contained by ___Jerry Schwager___ for Arbella
Mutual Insurance Company, Insurer.

By:                Notary Public

My Commission Expires:

2-18-2011

## MASSACHUSETTS JURAT

Gov. Exec. Ord. #455 (13-12), §5(e)

Commonwealth of Massachusetts

County of __Barnstable__ } ss.

On this the __20th__ day of __June__, __2006__, before me,
Day        Month        Year

__Ann E. Tempesta__, the undersigned Notary Public,
Name of Notary Public

personally appeared __Jerry Schwager__
Name(s) of Signer(s)

proved to me through satisfactory evidence of identity, which was/were

__Personal knowledge__
Description of Evidence of Identity

to be the person(s) whose name(s) was/were
signed on the preceding or attached document
in my presence, and who swore or affirmed to
me that the contents of the document are
truthful and accurate to the best of his/her/their
knowledge and belief.

_Ann E. Tempesta_
Signature of Notary Public

__Ann E. Tempesta__
Printed Name of Notary

Place Notary Seal and/or Any Stamp Above    My Commission Expires __2-18-2011__

━━━━━━━━━━━━━━━━━━━ OPTIONAL ━━━━━━━━━━━━━━━━━

Although the information in this section is not required by law, it may prove valuable to persons
relying on the document and could prevent fraudulent removal and reattachment of this form to
another document.

**Description of Attached Document**

Title or Type of Document: __Settlement Agreement and Release__

Document Date: _____ Number of Pages: __9__

Signer(s) Other Than Named Above: _____

Right Thumbprint
of Signer

Top of thumb here

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org
Item No. 5952                                            Reorder: Call Toll-Free 1-800-US NOTARY (1-800-876-6827)

# EXHIBIT B

# Uniform Qualified Assignment and Release

"Claimant"        Colin Higgins, a minor, by and through his Parents and Next Friends, Jami Lanser and Steven Higgins

"Assignor"        Arabella Mutual Insurance Company

"Assignee"        New York Life Insurance & Annuity Corporation.

"Annuity Issuer"  New York Life Insurance Company

"Effective Date"

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A. Claimant has executed a settlement agreement or release dated ___June 20___, 2006 (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 ("the Periodic Payments"); and

B. The parties desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986 (the "Code"). .

NOW, THEREFORE, In consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1. The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2. The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(2) and 130(c) of the Code.

3. The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is

not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned, or encumbered.

4. The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

5. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware.

6. The Assignee may fund the Periodic Payments by purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Code in the form of an annuity contract issued by the Annuity Issuer. All rights of ownership and control of such annuity contract shall be and remain vested in the Assignee exclusively.

7. The Assignee may have the Annuity Issuer send payments under any "qualified funding asset" purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or any payee with any rights of ownership or control over the "qualified funding asset" or against the Annuity Issuer.

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event the Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. The Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases the Assignor from all liability for the Periodic Payments.

Assignor:  Arabella Mutual Insurance Company

By: _____
        *Authorized Representative*

Title _____

Assignee: New York Life Insurance & Annuity Corporation.

By: _____
        *Authorized Representative*

Title _____

Claimant: _____

Claimant _____
Colin Higgins a minor, by and through his Parents and Next Friends, Jami Lanser and Steven Higgins

Approved as to Form and Content:

By: _____
        *Claimant's Attorney*
        Peter J. Pingitore
        PINGITORE & ASSOCIATES, LLC

# Addendum No. 1
# Description of Periodic Payments

### Payable to "Colin Higgins"

Commencing on 05/19/2012 (Age 18): $20,000 per year for 5 years only

On 05/19/2019 (Age 25): $  15,000

On 05/19/2024 (Age 30): $  20,000

On 05/19/2029 (Age 35): $  25,000

On 05/19/2034 (Age 40): $133,000

**Beneficiary: Estate of Colin Higgins**

**Colin Higgins, upon reaching the age of majority, may request in writing that the Assignee change the beneficiary designation under this agreement. Any change of the beneficiary designation will only be made with the Assignee's consent. Assignee's decision will be final. Assignee will not be liable for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.**

**Initials:**

**Assignor:** _____

**Assignee:** _____

**Claimant:** _____        **Claimant:** _S H_____

06/14/2006 09:31 FAX  8028540590    KINGLEN ASSOCIATES    Ø014/014

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event the Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. The Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases the Assignor from all liability for the Periodic Payments.

Assignor: Arabella Mutual Insurance Company

By: _____
    *Authorized Representative*

Title: _____

Claimant: _____
    Colin Higgins a minor, by and through his Parents and Next Friends, Jami Lanser and Steven Higgins

Approved as to Form and Content:

By: _____
    *Claimant's Attorney*
    Peter J. Pingitore
    PINGITORE & ASSOCIATES, LLC

Assignee: New York Life Insurance & Annuity Corporation

By: _____
    *Authorized Representative*

Title: _____

Claimant: _____

Jun-29-06   11:16am   From-PINGITORE & ASSOCIATES, LLC   +617 367 8893   T-826   P 002/004   F-646

## Addendum No. 1
## Description of Periodic Payments

### Payable to "Colin Higgins"

Commencing on 05/19/2012 (Age 18): $30,000 per year for 5 years only

On 05/19/2019 (Age 25): $ 15,000

On 05/19/2024 (Age 30): $ 20,000

On 05/19/2029 (Age 35): $ 25,000

On 05/19/2034 (Age 40): $125,000

**Beneficiary: Estate of Colin Higgins**

Colin Higgins, upon reaching the age of majority, may request in writing that the Assignee change the beneficiary designation under this agreement. Any change of the beneficiary designation will only be made with the Assignee's consent. Assignee's decision will be final. Assignee will not be liable for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

Initials:

Assignor:

Assignee:

JUN-21-2006  17:19    BELLOTTI & BARRETTO    617 494 0043    P.03
JUN-22-2006  14.36    BELLOTTI & BARRETTO    617 494 0045    P.16

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event the Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. The Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases the Assignor from all liability for the Periodic Payments.

Assignor: Arabella Mutual Insurance Company

By: _____
        Authorized Representative

Title _____

Assignee: New York Life Insurance & Annuity Corporation.

By: _____
        Authorized Representative

Title _____

Claimant: _____
        Colin Higgins a minor, by and through his Parents and Next Friends, Jami Lanser and Steven Higgins

Claimant _____

Approved as to Form and Content:

By: _____
        Claimant's Attorney
        Peter J. Pingitore
        PINGITORE & ASSOCIATES, LLC

# Addendum No. 1
## Description of Periodic Payments

### Payable to "Colin Higgins"

Commencing on 05/19/2012 (Age 18): $20,000 per year for 5 years only

On 05/19/2019 (Age 25): $ 15,000

On 05/19/2024 (Age 30): $ 20,000

On 05/19/2029 (Age 35): $ 25,000

On 05/19/2034 (Age 40): $133,000

**Beneficiary: Estate of Colin Higgins**

Colin Higgins, upon reaching the age of majority, may request in writing that the Assignee change the beneficiary designation under this agreement. Any change of the beneficiary designation will only be made with the Assignee's consent. Assignee's decision will be final. Assignee will not be liable for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

Initials:

Assignor: _____

Assignee: _____

Claimant: _____    Claimant: _____

`

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 05-11472 DPW

|  |  |
|---|---|
| JAMI LANSER and STEVEN HIGGINS, PPA C. HIGGINS<br><br>     Plaintiffs,<br><br>v.<br><br>H.N. HINCKLEY & SONS, INC., d/b/a HINCKLEY LUMBER And SHAWN M. WILLOUGHBY, JR.<br><br>     Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

This matter came before the Court pursuant to the Joint Motion Of All Parties To Affirm The Court's June 14, 2006 Order Approving Settlement On Behalf Of A Minor (the "Motion"). Based upon the Court's review of the Motion and all related papers, it is hereby ordered as follows:

    1.     The Motion is hereby allowed and the Order previously entered by the Court on June 14, 2006 approving the settlement of the minor plaintiff's claims is AFFIRMED.

Entered as an Order of the Court this ___ day of June, 2006.

_____
Douglas P. Woodlock,
United States District Court Judge